UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL P. HOGAN,            Plaintiff ) | |
| ) | |
| VS ) | CIVIL ACTION NO. |
| ) | |
| TEAMSTERS LOCAL 170 and SHANNON R. ) GEORGE, individually and in his capacity as ) Secretary-Treasurer of TEAMSTERS LOCAL ) 170,                      Defendants ) | |

COMPLAINT

PARTIES

1. The plaintiff, MICHAEL P. HOGAN, is an individual who resides at 17 Peck Avenue, Dudley, Worcester County, Massachusetts.

2. The defendant, TEAMSTERS LOCAL 170 (hereafter "Local 170'), is an unincorporated labor organization within the meaning of 29 U.S.C. § 185, 402(i) and 411 and has a place of business at 330 Southwest Cutoff, Suite 201, Worcester, Worcester County, Massachusetts.

3. The defendant, SHANNON R. GEORGE (hereafter "George"), is an individual who is and, at all relevant times, was Secretary-Treasurer of Local 170 and has an office at 330 Southwest Cutoff, Suite 201, Worcester, Worcester County, Massachusetts.

4. The defendant Local 170 is affiliated with the International Brotherhood of Teamsters (hereafter "IBT").

5. The plaintiff is a member of the defendant, Teamsters Local 170, and the IBT and has served in several elected offices and positions in Local 170 including terms as Secretary-Treasurer.

## JURISDICTION AND VENUE

6. This action arises under § 301 of the Labor Management Relations Act (hereafter "LMRA") as amended, 29 U.S.C. § 185 and Title I of the Labor Management Reporting Disclosure Act (hereafter "LMRDA"), 29 U.S.C. § 412 et. seq. Jurisdiction and venue are conferred upon this court pursuant to 29 U.S.C. § 185 and 412 as well as 28 U.S.C. § 1331, 1332 and 1337.

## FACTS

7. In 2018, the plaintiff was a candidate for the position of Secretary-Treasurer of Local 170.

8. At the same time the defendant, George, was the Secretary-Treasurer of Local 170 and he was seeking reelection to the same position.

9. On or about June 18, 2018, the defendant George, both individually and in his position as Secretary-Treasurer of the defendant Local 170, instituted charges against the plaintiff in the Worcester District Court alleging criminal harassment

10. As basis for these charges, the defendants wrongfully accused the plaintiff of preparing, forging and distributing, on Local 170 stationery, a letter to the members of Local 170's Executive Board. A copy of said letter is attached hereto as Exhibit A and incorporated herein.

11. The plaintiff did not prepare, forge or distribute the letter and the defendants knew or should have known that he had not prepared, forged or distributed the letter.

12. After a Clerk Magistrate Hearing on the criminal harassment charges in the Worcester District Court, on July 9, 2018, a finding of no probable cause that the plaintiff committed a crime was made by the Clerk-Magistrate.

13. After the Clerk Magistrate made the finding of no probable cause, the defendants continued to pursue such charges by filing an appeal requesting a hearing *de novo* before a judge of the Worcester District Court.

14. Subsequently, the defendants unilaterally withdrew the appeal.

15. On or about June 19, 2018, at the same time the defendants were pursuing criminal charges against the plaintiff, the defendants filed charges against the plaintiff with the Executive Board of Local 170 seeking the plaintiff's expulsion from the union.

16. As basis for these charges, the defendants alleged, virtually, the same facts as those in the criminal proceedings and once again, wrongfully accused the plaintiff of preparing, forging and distributing, on Local 170 stationery, the letter (Exhibit A) to the members of Local 170's Executive Board.

17. The plaintiff requested a postponement of the hearing on the charges but the defendants denied his request and conducted the hearing without the presence of the plaintiff.

18. On July 24, 2018, the Executive Board of Local 170 made a guilty finding against the plaintiff and expelled him from the union.

19. The Executive Board of Local 170 made this finding at a time when the criminal case alleging the same facts had resulted in a finding of no probable cause in violation of Art. XIX, § 7(a) of the IBT Constitution and Art. XXIV §C of the Local 170 By-Laws.

20. The plaintiff appealed this finding to Joint Council 10 but his appeal was denied on October 5, 2018.

21. On August 1, 2018, the plaintiff filed an appeal with the IBT and requested a stay of his expulsion which stay was granted pending the final decision of the IBT.

22. Notwithstanding the fact that the criminal charges were dismissed and a stay of the plaintiff's expulsion was granted, the defendants continued to discredit the plaintiff by continuing to inform the membership of Local 170 that the plaintiff was expelled from membership and continuing to inform the membership that the plaintiff had prepared, forged and distributed the letter (Exhibit A).

23. The plaintiff continued to run for the position of Secretary-Treasurer and the defendants continued to discredit him to the membership of Local 170 by continuing to inform the membership of Local 170 that the plaintiff was expelled from membership and continuing to inform the membership that the plaintiff had prepared, forged and distributed the letter (Exhibit A).

24. As a result of the conduct of the defendants against the plaintiff, the plaintiff was held up to ridicule and humiliation within the membership of Local 170, the plaintiff's name and reputation were damaged irreparably, he suffered personal injury and great pain to both body and mind, was defeated in the election and was otherwise damaged.

25. On December 5, 2018, after the election was over, the IBT issued a decision reversing the decision of the Executive Board and Joint Council 10 which decisions had expelled him from the union. A copy of that decision is attached hereto as Exhibit B and incorporated herein.

26. In its decision, the IBT "condemned the circulation of malicious materials demeaning officers or members of the Union."

## COUNT ONE (Breach of Contract)

27. The plaintiff realleges and restates the averments contained in paragraphs 1 through 26 and incorporates them herein as if fully set forth herein.

28. The IBT has a Constitution which sets forth the rights and responsibilities of members and officers of IBT.

29. The IBT Constitution constitutes a contract among IBT, Local 170, their members and their affiliates within the meaning of §301 of the LMRA, 29 U.S.C. 185.

30. The defendants have violated Article XIX of the Constitution by arbitrarily and capriciously and/or failing to apply the procedural safeguards of the Constitution in disciplinary trials and appeals.

31. The defendants' actions constitute a breach its contract with the plaintiff member by expelling him from membership in the union erroneously and without due process.

## COUNT TWO (Retaliation)

32. The plaintiff realleges and restates the averments contained in paragraphs 1 through 26 and incorporates them herein as if fully set forth herein.

33. The reasons and motivations of the defendants in bringing criminal charges and union charges against the plaintiff and obtaining his expulsion from membership in the union were to discredit the plaintiff in Local 170 because he was running against and speaking out against the defendant George.

34. The defendants' conduct is a violation of Title I of the LMRD, 29 U.S.C. §411(a)(5) in that it constitutes retaliation against the plaintiff for exercising his right to seek election to the position of Secretary-Treasurer, his right to speak out against the defendant, George, and his rights within the union.

## COUNT THREE (Abuse of Process)

35. The plaintiff realleges and restates the averments contained in paragraphs 1 through 26 and incorporates them herein as if fully set forth herein.

36. At the time the defendants instated criminal charges against the plaintiff, the defendants knew or should have known that the plaintiff did not harass the defendants but the defendants nevertheless proceeded with the action for the sole purpose and intent of injuring the plaintiff.

37. The charges were brought falsely and maliciously, for the intent and purpose of damaging and injuring the plaintiff.

## COUNT FOUR (Malicious Prosecution)

38. The plaintiff realleges and restates the averments contained in paragraphs 1 through 26 and incorporates them herein as if fully set forth herein.

39. The prosecution of criminal charges against the plaintiff was commenced and instituted by the defendants without basis, and was done maliciously and with intent to harm the plaintiff.

## COUNT FIVE (Defamation)

40. The plaintiff realleges and restates the averments contained in paragraphs 1 through 26 and incorporates them herein as if fully set forth herein.

41. The defendants' statements about the plaintiff to the membership of local 170 and to the public in general both orally and in writing tended to injure the honesty, integrity, morality, and reputation of the plaintiff and to thereby expose him to public contempt and ridicule, and to injure and damage his business.

42. The defendants' statements about the plaintiff to the membership of local 170 and to the public in general both orally and in writing were and are utterly false, malicious, and defamatory.

43. At the time the defendants made these statements, the defendants knew or could have ascertained with the exercise of reasonable care that the statements made were untrue.

44. By reason of the aforesaid acts of the defendants, in and about the speaking and publishing of the slanderous, false, malicious, and defamatory words and statements, the plaintiff was and is greatly and permanently injured and damaged in his good name and reputation, and was and is exposed to public contempt, hatred, and ridicule, and has been further damaged in his business.

## CLAIMS FOR RELIEF

45. As a result of the defendants' conduct as above described, the plaintiff has been damaged in that:

    A. He was deprived of his right to be elected to the position of Secretary-Treasurer of Local 170.

    B. The members of Local 170's confidence in his character and ability to serve as an officer has been destroyed.

    C. He has been held up to ridicule and humiliation within Local 170.

    D. The integrity of the electoral process in Local 170 has been undermined by improper and arbitrary use by the defendants of disciplinary proceedings to effect political results not able to be reached through fair and impartial elections.

    E. He and other members have experienced retaliation which has had a chilling effect discussions and debate within Local 170.

  F. He has sustained personal injuries, a loss of income and great pain to both body and mind.

WHEREFORE, the plaintiff demands judgment against the defendants for money damages, attorneys' fees, costs of this suit and such other relief as this Honorable Court deems mete and just.

**THE PLAINTIFF DEMANDS A JURY TRIAL OF ALL ISSUES**

               BY HIS ATTORNEYS
               CONSIGLI AND BRUCATO, P.C.

               By /s/Brian A. Consigli
                  BBO #656953
                  189 Main Street
                  Post Office Box 170
                  Milford, Massachusetts  01757
                  (508)478-2054
                  brian@consigliandbrucato.com