**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **MICHAEL P. HOGAN**<br>**Plaintiff,**<br><br>**v.**<br><br>**TEAMSTERS LOCAL 170, AND SHANNOR R. GEORGE, individually and in his capacity as Secretary-Treasurer of TREAMSTERS LOCAL 170,**<br>**Defendants.** | **CIVIL ACTION**<br>**No. 19-11339-TSH** |

**MEMORANDUM AND ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**
**August 4, 2022**

**HILLMAN, D.J.**

Plaintiff, Michael P. Hogan ("Hogan" or "Plaintiff"), brings this action against the Defendants, Shannon R. George ("George") and Teamsters Local 170 ("Local 170") under state and federal law alleging various claims stemming from an incident involving alleged forged defamatory letters sent during a Local 170 election in 2018. Defendants now move for summary judgment on the remaining claims, breach of contract (Count One) malicious prosecution (Count Four). For the reasons set forth below, Defendants' motion is **granted**

## Background

Local 170 is affiliated with the International Brotherhood of Teamsters ("IBT"). In 2018, Plaintiff was a longtime member and had served the Local 170 in various elected positions. Plaintiff and Defendant George were both running for the position of Secretary-Treasurer of Local 170. George was the current Secretary-Treasurer and Plaintiff had previously held the

position. On June 1, 2018, five envelopes containing statements disparaging George were received at Local 170. The five envelopes were placed in a sealed container and turned over to the Worcester Police Department.

On June 11, 2018, the Worcester Police Department's Latent Print Unit issued a finding that a latent print identified as belonging to Plaintiff was found on a letter inside one of the unopened envelopes. On June 14, 2018, a Worcester police officer ("Interviewing Officer") interviewed George and informed him of the Latent Print Unit's findings. George informed the Officer that Plaintiff drove past the Local 170 and blew his truck's air horn "nearly every day." George further stated that he had been told by others that Plaintiff's reason for driving by Local 170 and blowing his air horn was to "let George know that [Hogan] will be coming back." The Interviewing Officer noted in his report that this caused George and his family emotional distress and that he advised George to seek a harassment order against Plaintiff. George did not do so.

On June 15, 2018, the Interviewing Officer spoke with Plaintiff, who denied any knowledge of the letters, could not explain how his fingerprint was on one of the letters, and expressed his opinion that "campaign mailings for union election are not subject to libel laws." Plaintiff denied preparing, forging, or distributing the letters, and believed that Defendants wrongfully accused him when they knew or should have known that he did not prepare, forge, or distribute the letters.

On June 18, 2018, the Interviewing Police Officer wrote an extended report of his investigation concluding that Plaintiff "had knowledge of the content of the 5 letters and they were sent to harass the victim [George] who has suffered serious emotional distress. [Hogan] has participated in a pattern of harassment through the repeated use of the air horn as well as these

letters." On the same day, the Interviewing Officer requested that a "summons be issued charging Michael Hogan with Criminal Harassment MGL 265/43A."

On July 9, 2018, a Clerk Magistrate of the Worcester Central District Court held a Show Cause Hearing on the police's application for the criminal harassment charge, and a finding of no probable cause was issued by the Clerk Magistrate. The Worcester Police appealed the Clerk Magistrate finding to a judge of the Worcester Central District Court. (Compl. Ex. B, 3 ¶ 1, Docket No. 1-2.). A hearing on the appeal was scheduled for August 7, 2018. The appeal was withdrawn by the Worcester Police on July 24, 2018 at the request of the law firm representing Local 170. (Compl. Ex. B, 3 ¶ 1, Docket No. 1-2.)

On June 19, 2018, George filed charges against Plaintiff with the Executive Board of Local 170, alleging facts similar to those in the criminal harassment allegations and seeking to expel Plaintiff from Local 170. On July 20, 2018, a hearing was conducted by Local 170 on the charges against Plaintiff. Although Plaintiff received notice of this hearing several weeks prior to the hearing date, he requested postponement on the day before the hearing. That request was denied, and the hearing was held without Plaintiff's presence. On July 24, 2018, the Executive Board of Local 170 found Plaintiff responsible for the charges and expelled him from Local 170.

The Plaintiff appealed that finding and requested a stay of the expulsion order, which was granted by the union's General President pending exhaustion of Plaintiff's internal union appeals. The stay also permitted Plaintiff to continue his campaign for Secretary-Treasurer of Local 170. On September 4, 2018, a hearing on the appeal was held by Joint Council 10, which upheld the guilty finding and expulsion of Plaintiff from Local 170.

Plaintiff appealed that decision to the General Executive Board of IBT. On October 5, 2018, the Joint Council ruled against Plaintiff and affirmed his expulsion. In its decision, the

Joint Council rejected Plaintiff's interpretation of Article 19, Section 7(a). According to the Joint Council, Article 19, Section 7(a) "does not prohibit the filing of charges against a member when a criminal or civil proceeding is pending that involves the same conduct." Rather, the section "addresses the timing of the trial on the charges and the right of the accused member to request a postponement pending the resolution of the related criminal or civil trial." Section 7(a) gives a member facing a criminal or civil trial the option to request a postponement of a hearing on union charges pending resolution of the case. The Joint Council noted that Plaintiff had never requested a continuance on those grounds and that there was no evidence that the Local 170 Executive Board was aware that criminal proceedings were pending against Plaintiff. On or about December 5, 2018, after the election was over, IBT issued a decision reversing the decision of the Executive Board of Local 170 and Joint Council 10 to expel Plaintiff.

**Standard of Review**

Under Federal Rule of Civil Procedure 56, a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A genuine dispute of material fact arises "where the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Garcia-Garcia v. Costco Wholesale Corp., 878 F.3d 411, 417 (1st Cir. 2017) (quoting Taylor v. Am. Chemistry Council, 576 F.3d 16, 24 (1st Cir. 2009)). The purpose of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for a trial." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991) (quoting Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990)). In assessing a motion for summary judgment, the court views the facts in the light most favorable to the nonmoving party. See Mulero-Rodriguez v. Ponte, Inc., 98 F.3d 670, 672 (1st Cir. 1996).

## Discussion

*Breach of Contract*

Plaintiff claims that the Defendants breached Article 19 Section 7(a) of the IBT Constitution and Article 25, Section C of the Local 170 Bylaws by holding the Executive Board hearing on July 20, 2018, while the WPD Appeal was pending. The Teamsters' own Joint Council, however, considered and rejected this interpretation in its October 5, 2018 decision. In interpreting a union's constitution, this Court must defer to that union's own interpretation unless it is "plainly unreasonable." *Conille v. Council 93, Am. Fed'n of State, Cty. & Mun. Emps*., 973 F.3d 1, 12 (1st Cir. 2020); see also Truck Drivers, Chauffeurs, & Helpers Union, Loc. 42 v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., 482 F. Supp. 266, 272 (D. Mass. 1979) ("[I]t is well-established that courts are reluctant to substitute their judgment for that of union officials in the interpretation of a union's constitution and bylaws, and will interfere only where the official's interpretation is not fair and reasonable."). The Joint Council further noted that Plaintiff had never requested a continuance on those grounds and that there was no evidence that the Local 170 Executive Board was aware that criminal proceedings were pending against Plaintiff. Accordingly, there is no evidence that Defendants breached either Article 19, Section 7(a) of the IBT Constitution or Article 25, Section C of the Local 170's Bylaws.

*Malicious Prosecution*

To prevail on his malicious prosecution claim, Plaintiff must prove that the Defendants "(i) instituted criminal proceedings [against him] (ii) with malice and (iii) without probable cause, and (iv) that the proceedings were terminated in [Plaintiff's] favor." Finamore v. Miglionico, 15 F.4th 52, 61 (1st Cir. 2021), citing Correllas v. Viveiros, 410 Mass. 314, 572 (1991). While an individual may be held to have "instituted" proceedings where he "presses the

police to apply for a complaint," it is black letter law that merely relating facts to a police officer will not expose a private person to liability if the officer used his independent professional judgment in pursuing the matter, even if that private individual "started the chain of events that led to legal process." *Conway v. Smerling*, 37 Mass. App. Ct. 1, 3-4, 635 N.E.2d 268 (1994).

On the record, viewed in the light most favorable to the Plaintiff, it is clear that Defendants turned over the letters to the WPD, cooperated as needed but did not "institute" criminal proceedings within the meaning of the first prong of the analysis. The WPD decided on its own to pursue the criminal complaint against the Plaintiff and accordingly, Plaintiff cannot make a claim for malicious prosecution.

## Conclusion

For the reasons set forth above, Defendant's Motion for Summary Judgment (Docket No. 43) is ***granted***.

**SO ORDERED**.

/s/ *Timothy S. Hillman*
TIMOTHY S. HILLMAN
UNITED STATES DISTRICT JUDGE